**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Douglas Paul Gradert**<br>First Name   Middle Name   Last Name | Social Security number or ITIN  **xxx–xx–5030**<br>EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _<br>EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Central District of Illinois** | Date case filed for chapter **13**   **3/7/23** |
| Case number: | **23–80152** | |

# Official Form 309I
## Notice of Chapter 13 Bankruptcy Case

10/20

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Douglas Paul Gradert | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | PO Box 484<br>Annawan, IL 61234 | |
| 4. | **Debtor's attorney**<br>Name and address | Justin Raver<br>Barash & Everett LLC<br>211 West Second Street<br>Kewanee, IL 61443 | Contact phone 309–852–5555<br>Email: justin@barashlaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Marsha L Combs–Skinner<br>Chapter 13 Standing Bankruptcy Trustee<br>108 S. Broadway<br>PO Box 349<br>Newman, IL 61942 | Contact phone 217–837–9730<br>Email: marsha@ch13cdil.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 216 Federal Building<br>100 N.E. Monroe St.<br>Peoria, IL 61602–1003<br><br>Visit www.ilcb.uscourts.gov for this court's mandatory electronic filing policy. | Hours open 8:00 am – 5:00 pm<br>Contact phone 309–671–7035<br>Date: 3/7/23 |

**For more information, see page 2**

Debtor **Douglas Paul Gradert**     Case number **23–80152**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **April 12, 2023 at 09:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **LOCATION:**<br><br>**Meeting will be telephonic. To attend, Dial: 1–877–950–1781 and enter: 5320731, when prompted for participation code.** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 6/11/23** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 5/16/23** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 180 days after order for relief entered** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan**<br>The debtor has filed a plan. The plan is enclosed. | **Objections to confirmation MUST be filed within 21 days after the date the Meeting of Creditors is concluded.** If no objections are timely filed, the Court may enter an order confirming the Plan. The filing of a proof of claim does not constitute an objection to confirmation and will not prevent a claim from being modified pursuant to the terms set forth in the plan. In the event objections to confirmation are timely filed, a hearing will be scheduled on confirmation and any timely filed objections. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

**United States Bankruptcy Court**
**Central District of Illinois**

| In re | Douglas Paul Gradert | | Case No. | 23-80152 |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | 13 |

Effective
4/20/2023

# CHAPTER 13 PLAN

Original ☐

Amended Plan # 1st *(e.g., 1st, 2nd)*
**MUST BE DESIGNATED**

1.  **Notices**

    **YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court.

    **THIS PLAN DOES NOT ALLOW CLAIMS.** A creditor must file a timely proof of claim to receive distribution as set forth in this Plan. Even if this Plan provides for payment, no payment will be made unless a proof of claim is timely filed.

    **NOTICE TO AFFECTED PARTIES REQUIRED.** No provision of this plan will be effective against a creditor or affected party not identified in the Debtor's schedules and not included in the list, also known as mailing matrix, containing the name and address of each entity included or to be included in on the Debtor's schedules.

    As used herein, the term "Debtor" includes both the debtor and co-debtor in a jointly administered case.

    The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan..*

    | A. | A limit in the amount of a secured claim, set out in Paragraph D of Part 5, which may result in a partial payment or no payment at all to the secured creditor. | ■ Included | ☐ Not Included |
    |---|---|---|---|
    | B. | Avoidance of a security interest or lien, set out in Paragraph B of Part 9 | ☐ Included | ■ Not Included |
    | C. | Nonstandard provisions set out in Part 11 | ☐ Included | ■ Not Included |

2.  **Payments To Fund Plan:**

    A.  The Debtor submits to the Standing Chapter 13 Trustee ("Trustee") the following regular payments:

    | Start Month # | End Month # | Monthly Payment | Total |
    |---|---|---|---|
    | 1 | 60 | $1,008.00 | $60,480.00 |
    | | Total # Months: 60 | Grand Total Payments: | $60,480.00 |

    B.  **Income Tax Refunds**

    ■ The Debtor is required to turn over to the Trustee 100% of all federal and state income tax refunds received during the term of this Plan, excepting only any federal income tax refund constituting Earned Income Credit and/or Additional Child Tax Credit, and any additional state and/or federal refund of $1500 or less per year in the aggregate.

    ☐ The Debtor is not required to turn over to the Trustee any income tax refunds received during the term of this Plan.

    C.  **Other Payments:**

    D.  **Notice Regarding Discrepancies**

    In the event there is a discrepancy between the aggregate amount that the Debtor proposes to pay to the Trustee to fund this Plan, and the aggregate amount needed by the Trustee to pay all claims in accordance with the specific provisions set forth below, the specific provisions set forth below shall control. If, at any time during the term of this

Page 1 of 6

Plan, it is determined by the Trustee that insufficient funds are being paid in to fund all payments the Trustee is required to make, the Debtor shall increase the periodic payments set forth in Paragraph A of Part 2 above or otherwise provide for increased payments as needed. Alternatively, if the amount the Debtor is paying to the Trustee exceeds the amount needed for the Trustee to make all payments required by this Plan, any excess funds shall be refunded to the Debtor. Nothing in this provision should be construed as limiting the right of the Debtor, the Trustee, or any unsecured creditor to seek to modify this Plan after confirmation pursuant to 11 U.S.C. §1329.

3. **Administrative Claims:**

   A. **Trustee Compensation:**

   Trustee fees shall be paid as provided by 28 U.S.C. §586(e). Regardless of the precise amount of the Trustee's fees set by the U.S. Trustee at any particular time, for purposes of this Plan, the fees shall be estimated at 10% of all amounts to be paid through this Plan.

   B. **Attorney Fees:**

   Choose one of the following:

   ■   The Debtor's attorney has agreed to accept $__4,000.00__ for all services to be rendered to the Debtor in this case as required by the current Standing Order Regarding Attorney Fees for Debtor's Counsel in Chapter 13 cases for the Division in which the case is filed. Because the fee amount is at or below the "no-look" fee set forth in the Standing Order, the attorney is not required to file a fee application unless otherwise ordered by the Court. The Debtor's attorney has received $__95.00__ of the fee and the balance of $__3,905.00__ shall be paid through this Plan in accordance with the Standing Order.

   ☐   The Debtor's attorney has not agreed to accept a fee at or below the "no look" fee and, therefore, will file an initial itemized fee application within 30 days after the entry of an order confirming this Plan. The Debtor's attorney estimates the total fee request to be $____. The Debtor's attorney has received $____ and expects the balance to be paid through this Plan to be $____. Payment of the balance through this Plan shall be paid in accordance with the Standing Order.

   Further interim and final fee applications may be filed during the term of this Plan, provided that attorneys who have agreed to accept a "no look" fee pursuant to the Standing Order may only seek compensation for services which are beyond the scope of the services required to be performed to obtain a "no look" fee.

4. **Priority Claims**

   A. **Domestic Support Obligations:**   ■ None

   i. The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through this Plan.

   ii. Domestic support obligation arrearages to be paid though this Plan:   ■ None

| DSO Claimant | Arrearages to be paid through the Plan |
|---|---|
|  |  |

   iii. Domestic support obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B) to be paid through this Plan:   ■ None

| Government Entity | Arrearages to be paid through the Plan |
|---|---|
|  |  |

   B. **Other Priority Claims under 11 U.S.C. §507**   ■ None

   All allowed priority claims shall be paid in full by the Trustee as set forth herein, unless the creditor agrees otherwise or 11 U.S.C. §1322(a)(4) applies. Notwithstanding any other provision in this subsection, where the amount of a priority claim is disputed and §1322(a)(4) does not apply, a determination of the amount entitled to priority may be made only by motion after a proof of claim is filed or in a claim objection. *See Federal Rule of Bankruptcy Procedure 3012.*

| Creditor | Estimated Claim Amount |
|---|---|
|  |  |

5. **Secured Claims:**

   A. **Maintenance of Payments:**   ■ None

   i. The Debtor shall pay post-petition payments directly to the following creditors:   ■ None

| Creditor | Collateral | Estimated total amount due | Monthly payment |
|---|---|---|---|
|  |  |  |  |

Page 2 of 6

ii. The Trustee shall pay post-petition payments though this Plan to the following creditors: ■ None

| Creditor | Collateral | Estimated total amount due | Monthly payment |
|---|---|---|---|

**B. Curing Default:** ■ None

With respect to the following creditors, the Trustee shall pay allowed claims for arrearages through this Plan, regardless of who is maintaining payments under Paragraph A of Part 5:

| Creditor | Collateral | Estimated Arrearage | Regular Payment Amount |
|---|---|---|---|

**C. Secured Claims to which 11 U.S.C. §506 Valuation is NOT Applicable ("910 Claims"):** ■ None

Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle acquired for the personal use of the Debtor, incurred within the 910 days preceding the date of the filing of the bankruptcy or debts secured by a purchase-money security interest in "any other thing of value" incurred within one year preceding the date of the filing of the bankruptcy. These claims will be paid in full with interest as provided below and will be paid by the Trustee through this Plan.

| Creditor | Collateral | Estimated Claim | Interest Rate % | Estimated Monthly Payment | Estimated Total Principal & Interest |
|---|---|---|---|---|---|

**D. Other Secured Claims:** ☐ None

Claims listed in this subsection include debts owed to either governmental or non-governmental entities that are secured by real or personal property. For all governmental secured claims listed below, a request to determine the amount of such claim may only be made by motion or in a claim objection. *See Federal Rule of Bankruptcy Procedure 3012(c).* For all non-governmental secured claims listed below, such claims will be paid either the value of the secured property as stated below or the secured amount of the claim as listed on the proof of claim, whichever is less, with interest as provided below. Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. These claims will be paid by the Trustee through this Plan. Inclusion of a request in this subsection to limit the amount of a secured claim, which may result in partial payment or no payment at all to the secured creditor, requires service of the Plan on the holder of such claim and any other entity the Court designates in the manner provided for service of summons and complaint by Federal Rule of Bankruptcy Procedure 7004. *Any provision in the remainder of this Paragraph that limits the amount of a non-governmental secured claim, which may result in a partial payment or no payment at all to the secured creditor, will be effective only if the applicable box in Paragraph A of Part 1 of this Plan is checked.*

| Creditor | Collateral | Value/Estimated Claim | Interest Rate % | Estimated Monthly Payment | Estimated Total Principal & Interest |
|---|---|---|---|---|---|
| Empower | Debtor's loan against Roth 457 / Participant ID xxxx 3129 / Plan xxxx 09-01: Retirement account through Debtor's employer, State of Illinois | $588.45 | 0.00% | $29.42 | $588.45 |

**E. Secured Claims for Real Estate Taxes:** ☐ None

Claims listed in this subsection are for real estate tax arrearages. These claims will be paid by the Trustee through this Plan.

| Creditor | Collateral (Include Address) | Tax Year | Principal Claim Amount | Interest Rate | Estimated Total Claim & Accruing Interest & Penalties |
|---|---|---|---|---|---|
| Henry County | Tax Year 2021 Real Estate Taxes RE: 303 West South Street, Annawan IL 61234 / PIN 15-10-126-005 / To be paid to Henry County; in turn, Henry County to remit same to Creditor DG Enterprises, LLC. | Tax Year 2021 | $2,695.11 | 12.00% | $3,102.45 |

Page 3 of 6

| Creditor | Collateral (Include Address) | Tax Year | Principal Claim Amount | Interest Rate | Estimated Total Claim & Accruing Interest & Penalties |
|---|---|---|---|---|---|
| Henry County | Tax Year 2020 Real Estate Taxes RE: 303 West South Street, Annawan IL 61234 / PIN 15-10-126-005 / To be paid to Henry County; in turn, Henry County to remit same to Creditor DG Enterprises, LLC. | Tax Year 2020 | $2,949.04 | 12.00% | $3,394.78 |
| Henry County | Tax Year 2019 Real Estate Taxes RE: 303 West South Street, Annawan IL 61234 / PIN 15-10-126-005 / To be paid to Henry County; in turn, Henry County to remit same to Creditor DG Enterprises, LLC. | Tax Year 2019 | $8,786.36 | 12.00% | $10,114.39 |

    F.    **Surrender of Property:**  ■ None

The Debtor surrenders the following collateral:

| Creditor | Collateral Surrendered |
|---|---|

The Debtor requests that upon confirmation of this Plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any remaining deficiency following the sale of surrendered collateral shall be treated as an unsecured claim, provided that the creditor has filed a timely proof of claim as required by the Federal Rules of Bankruptcy Procedure.

6. **Unsecured Claims:**

    A.    **Liquidation Analysis**

If the Debtor's estate were liquidated under Chapter 7 as of the date of this Plan, the value of the property to be distributed on account of allowed unsecured claims would be <u>$49,957.07</u>.

    B.    **Statement of Applicable Commitment Period**

Per Official Form 122C-1, the Debtor has a ☐    3- or   ■    5-year applicable commitment period.

    C.    **Projected Monthly Disposable Income**

The Debtor's projected monthly disposable income is $<u>1,909.98</u>. (In calculating this amount, a deduction should be taken for the 10% Trustee's fee described in Paragraph A of Part 3 above. The Trustee's fee deduction should be taken only once.)

    D.    **Co-Debtor Claims:**    ■ None

Per 11 U.S.C. §1322(b)(1), the following claims for consumer debts on which another individual is liable with the Debtor are separately classified:

    i.    The following co-debtor claims are to be paid in full by the Trustee through this Plan:

| Creditor | Co-Debtor | Interest Rate % | Claim Amount |
|---|---|---|---|

    ii.    The following co-debtor claims will be paid directly by the Debtor or Co-Debtor:

| Creditor | Co-Debtor | Interest Rate % | Claim Amount | Payments to be Made by: |
|---|---|---|---|---|

    E.    **Distribution on Allowed General Unsecured Claims**

Choose only one of the following:

☐   Allowed general unsecured claims shall not receive any distribution pursuant to this Plan.

■   Allowed general unsecured claims shall be paid in full pursuant to this Plan.

☐   The Debtor shall pay the sum of $____ to unsecured creditors pursuant to this Plan, which shall be distributed first to pay all claims listed in Paragraph D of Part 6 above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

☐   The funds remaining after disbursements have been made to all other creditors provided for herein shall be

distributed to pay all claims listed in Paragraph D of Part 6 above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

7. **Executory Contracts and Unexpired Leases:**   ☐ None

   A. **Executory Contracts and Unexpired Leases Under Which the Debtor is the Lessee - Maintenance of Payments:**   ☐ None

   All executory contracts and unexpired leases under which the Debtor is the Lessee listed on Schedule G are *rejected*, except the following which are assumed:

   | Other Party to Contract or Lease | Property, if any, Subject to Contract or Lease | Monthly Payment | # of Payments Remaining | Payments to be Disbursed by: |
   |---|---|---|---|---|
   | Progressive Leasing | Lease Agreement RE: vacuum, carpet cleaner, couch, tablet | $240.00 |  | ■ Debtor<br>☐ Trustee |
   | Rent-A-Center | Lease Agreement RE: washer & dryer | $100.00 |  | ■ Debtor<br>☐ Trustee |

   B. **Unexpired Leases Under Which the Debtor is the Lessor:**   ■ None

   All unexpired leases under which the Debtor is the Lessor listed on Schedule G are *rejected*, except the following which are assumed:

   | Lessee | Property Subject to Lease | Additional Information |
   |---|---|---|

   C. **Executory Contracts and Unexpired Leases - Arrearages - Trustee:**   ■ None

   The following arrearages for assumed executory contracts and unexpired lease will be paid by the Trustee through this Plan:

   | Other Party to Contract or Lease | Property, if any, Subject to Contract or Lease | Arrearage Amount | Estimated Monthly Payment |
   |---|---|---|---|

8. **Property of the Estate:**

   ■ Upon confirmation, all property of the estate shall vest in the Debtor. Notwithstanding this provision, the Trustee retains the right to assert a claim to any additional property of the estate that the Debtor acquires post-petition pursuant to 11 U.S.C. §1306.

   ☐ All property of the estate shall vest in the Debtor upon discharge.

   Pursuant to 11 U.S.C. §1327(b), the effect of failure to check one of the above boxes will be to vest all property of the estate in the Debtor upon confirmation.

9. **Lien Avoidance:**   ■ None

   A. **Liens Sought to Be Avoided Under Separate Motions or Adversary Proceedings:**   ■ None

   The Debtor has filed separate motions or adversary proceedings to avoid the following liens:

   | Creditor | Collateral |
   |---|---|

   *The remainder of this section will be effective only if the applicable box in Paragraph B of Part 1 of this Plan is checked.*

   B. **Liens Sought to Be Avoided By This Plan:**   ■ None

   Lien avoidance through plan confirmation is only available with respect to liens that may be avoided by motion and as specifically provided for under the Federal Rules of Bankruptcy Procedure. See Fed. R. Bankr. P. 3012(b), 4003(d). If an adversary proceeding is required to avoid a lien or otherwise determine the validity, priority, or extent of a lien, plan confirmation may not be used in lieu of the filing of the adversary proceeding. See Fed. R. Bankr. P. 7001(2). ***Any provision in this Plan that purports to avoid a lien for which an adversary proceeding is required will not be effective notwithstanding the entry of an order confirming the Plan.***

   Any lien avoidance through this Plan is a contested matter and the creditor whose lien is to be avoided must be served with notice in accordance with Federal Rules of Bankruptcy Procedure 9014 and 7004. No order voiding a lien will be entered with respect to any proposed lien avoidance described in this subsection until a certificate of service has been filed by the Debtor evidencing that this Plan and all notices regarding objection dates related to it were properly served on the creditor.

   The Debtor moves to avoid the following liens through this Plan:

Page 5 of 6

| Creditor | Collateral | Claim Amount |
|---|---|---|

10. **Miscellaneous:**

    A. Per Federal Rule of Bankruptcy Procedure 3010(b), the Trustee shall make no payment in a denomination of less than $15.00 and is authorized to accumulate funds for creditors in order not to make any payments of less than $15.00.

    B. All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt as determined under non-bankruptcy law or discharge under 11 U.S.C. §1328.

    C. Secured creditors and lessors to be paid directly by the Debtor may continue to send to the Debtor customary notices, payment coupons, and invoices notwithstanding the automatic stay.

11. **Nonstandard Provisions:**

Under Federal Rule of Bankruptcy Procedure 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Plan Form or deviating from it. *The provisions in this Part will not be effective unless the applicable box in Paragraph C of Part 1 is checked. Nonstandard provisions set forth elsewhere in this Plan are ineffective.*

12. **Signatures**

If the Debtor is represented by an attorney, the attorney must sign the Plan and the Debtor may but is not required to sign it. If the Debtor is not represented by an attorney, the Debtor must sign the Plan. The Plan must be dated.

By filing this document, the Debtor, if not represented by an attorney, or the attorney for the Debtor, also certifies that the wording and order of the provisions in this Plan are identical to those contained in the Chapter 13 Model Plan for the Bankruptcy Court for the Central District of Illinois, other than any nonstandard provisions included in Part 11.

Signed:

Date: April 11, 2023

/s/ Douglas Paul Gradert
Douglas Paul Gradert
Debtor

Date: April 11, 2023

/s/ Justin M. Raver
Justin M. Raver 6293618
Attorney for Debtor(s):
211 W. 2nd St.
Kewanee, IL 61443
Attorney Address
309-852-5555
Attorney Phone Number
justin@barashlaw.com
Attorney E-mail Address

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com